

FILED
FEB 0 1 2006

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | * | Chapter 7 No. 05-40058 |
| | * | Adversary No. 05-4036 |
| JAY SCOTT PLISKA, | * | |
| Debtor. | * | |
| JOHN S. LOVALD, Trustee, | * | CIV. 05-4136 |
| Appellant, | * | |
| -vs- | * | |
| HOME FEDERAL BANK, as the Court Appointed Conservator of Alexis J. Pliska, | * | REPORT AND RECOMMENDATION |
| Appellee. | * | |

## BACKGROUND

This is an appeal by the Trustee in Bankruptcy, John Lovald, from a decision of the Honorable Bankruptcy Judge Irvin N. Hoyt (Doc. 1)[1]. The appellee is Home Federal Bank, as Conservator of Alexis J. Pliska. At issue in this case are the proceeds from a $200,000 life insurance policy which insured the life of the debtor, Jay Pliska. Alexis Pliska is the beneficiary. The trustee sued the conservator to disgorge the money to the trustee so it could pay the debts and administrative costs of the bankruptcy, about $50,000. Judge Hoyt dismissed the trustee's complaint, leaving all of the $200,000 of death benefits to Home Federal Bank, as conservator of Alexis Pliska (Docs. 21 & 22).

---

[1] References to documents by number uses the number of the document as it appears in the original Bankruptcy Court file. The record on appeal is contained in Doc. 4. The sub-part numbers in Doc. 4 are not always the same as the number in the original court file. For example, Doc. 20 in the original court file is Doc. 4-17 in the appeal record.

## JURISDICTION

This case has been referred by Judge Piersol pursuant to 28 U.S.C. § 636(b)(1) by Order dated December 21, 2005, and the District Court's Standing Order dated February 1, 2002.

## FACTS

The parties stipulated to the pertinent facts (Doc. 20). Plaintiff is the trustee in the Chapter 7 bankruptcy proceeding of Jay Scott Pliska, debtor. Debtor filed a voluntary Chapter 7 proceeding on January 17, 2005. He died February 5, 2005. On the petition date debtor owned a $200,000 term life insurance policy naming his daughter Alexis J. Pliska as beneficiary. The $200,000 benefits were comprised of $50,000 which his employer provided at no cost to debtor and an additional $150,000 which he opted to purchase at his own cost. Home Federal Bank has been appointed conservator for Alexis J. Pliska by the state court of South Dakota. The death benefits of $200,000 have been paid by the insurer to the conservator pursuant to the life insurance contract insuring the life of Jay Scott Pliska. The conservator is holding the money pending an order from the court. On the petition date debtor owed creditors approximately $24,018. SDCL §58-12-4 provides the proceeds of a life insurance policy are exempt up to the amount of $20,000. The trustee has requested the conservator to disgorge the $200,000. The conservator refuses to do so.

## DISCUSSION

Standard of Review. The district court reviews the bankruptcy court's factual findings for clear error, and its conclusions of law *de novo*. Loop Corp. v. United States Trustee, 379 F.3d 511, 515 (8th Cir. 2004) cert. den. 543 U.S. 1055, 125 S.Ct. 915, 160 L.Ed.2d 778 (2005). "Whether property is included in the bankruptcy estate is a question of law." In Re: Vote, 276 F.3d 1024, 1025 (8th Cir. 2002).

2

<u>Issue as Stated by the Parties</u>. Does "proceeds of life insurance" as used in SDCL § 58-12-4 mean both the cash surrender value and the death benefits?

<u>Issue as Stated by the Court</u>. Are death benefits of a life insurance policy property of the bankruptcy estate?

<u>Trustee's Claims</u>. The trustee's claims are asserted in Docs. 7 and 11. This appeal involves SDCL § 58-12-4:

> The <u>proceeds</u> of a policy of life. . .insurance to the total amount of <u>twenty thousand dollars only</u>. . .shall inure to the separate use of the insured. . .children. . ., independently of the creditors of any of them and shall not be subject to the payment of the debts of any one or all of such persons, <u>notwithstanding that the proceeds may be payable directly to the . . .children as the named beneficiary</u>. . . . (Emphasis added by trustee)

The Bankruptcy Court decided "proceeds" means the cash surrender value of the life insurance policy. The trustee urges "proceeds" also means the death benefits payable upon the death of the insured debtor. The trustee asserts the decision limiting proceeds to cash surrender value nullifies the meaning of the clause in the statute "notwithstanding that the proceeds may be payable directly to the. . .children as the named beneficiary. . ." because cash surrender value would never be paid to the beneficiary. Only the death benefits would ever be paid to the beneficiary. The trustee refers to <u>Magnuson v. Warner</u>, 1 F.2d 99, (8th Cir. 1924). <u>Magnuson</u> uses the phrase "proceeds or cash surrender value." Because the phrase includes two concepts, and because life insurance has only two monetary components in the context of this dispute, "proceeds" necessarily means "death benefits" since "cash surrender value" means what it says. The trustee also refers to <u>Schuler v. Johnson</u> 246 N.W. 632 (S.D. 1933). There the South Dakota Supreme Court said, "the cash surrender value is an incident in most policies of insurance and it is not probable that the Legislature intended that the exemption be confined to the fund realizable by death." <u>Schuler</u> at 634. The

3

trustee asserts 11 U.S.C. § 541(a)(1)(6) & (7) clearly includes Mr. Pliska's term life insurance policy as property of the bankruptcy estate.

The trustee also asserts SDCL § 43-45-6 does not apply. In re James, 31 B.R. 67 (Bankr. D.S.D. 1983). Alternatively, the trustee asserts the conservator has waived the right to raise the application of SDCL § 43-45-6 because it did not raise the issue in a cross appeal.

The trustee distinguishes In re Loren E.Volberding, Bankr. No. 95-40368, slip op at 2 (Bankr. D.S.D. Dec. 20, 1995). Volberding was alive and whole life insurance was involved. The issue to be decided there was different, so trustee asserts it is not precedent in this case. The trustee also distinguishes In re Johnson, 8 BR 650 (Bankr. D.S.D. 1981). Johnson was alive. The issue to be decided there was different, so trustee asserts it is not precedent in this case. Trustee asserts the Schuler case quoted by the conservator actually supports the trustee's assertions, not the conservator's position. The trustee also urges the facts and the law as existed at the date of filing are determinative. In re Peterson, 897 F.2d 935, 937 (8th Cir. 1990); Federal Bankruptcy Rule of Procedure 1016. Debtor had sufficient interests in the term life insurance policy such as the powers to change beneficiary, to change the face value, and to either terminate the policy or take it with him if he left the employ of his employer so that it became property of the estate. 11 U.S.C. § 541. The trustee agrees debtor's daughter is entitled to the first $20,000 of the death benefit under SDCL § 58-12-4. The trustee also agrees the debtor's daughter is entitled to the balance of the death benefit which remains after the creditors and costs of administering the bankruptcy estate have been paid. The trustee asserts both the cash value and the death benefit are property of the bankruptcy estate (of course, by definition there is no cash value in term insurance).

Conservator's Claims. Volberding is precedent directly on point. Also, Johnson said, "proceeds, as the term is used in exemption statutes, means the surrender value of the policy under

4

which benefits are yet to be paid, and not the amount for which the policy was originally written." In Re: Johnson, 8 B.R. 650, 651 (Bankr. D.S.D. 1981). A creditor can only attach the cash value of a life insurance policy which is above the exempted amount. Schuler v. Johnson, 246 N.W. 632, 634 (S.D. 1933). The conservator asserts "proceeds" in SDCL § 58-12-4 means cash value of the life insurance policy. The conservator asserts the trustee's reliance on 11 U.S.C. § 541(a)(1)(6) & (7) is misplaced because that statute does not apply to this case, i.e. the $200,000 death benefit does not represent proceeds, product, offspring, rents, or profits from the term insurance policy.

The conservator asserts SDCL § 43-45-6 is a necessary statute to be applied when dealing with the beneficiary of a life insurance policy. Notwithstanding the assertion, the issue was not discussed in the conservator's brief.

Judge Hoyt's Ruling. Judge Hoyt ruled the death benefit was not property of the bankruptcy estate (Doc. 21). Judge Hoyt referred to Alexis, the named beneficiary in the life insurance policy as the owner of the death benefits which were paid as a result of the death of the debtor, Jay Scott Pliska. Judge Hoyt ruled the trustee has not shown any legal or equitable interest in the death benefits. The payout, Judge Hoyt said, does not represent proceeds, product, offspring, rents, or profits from the term life insurance policy. Of course, Judge Hoyt was referring to assets of a bankruptcy estate as described in 11 U.S.C. § 541(a). These death benefits are not property of the debtor/bankruptcy estate. Consequently, the death benefits are not "proceeds of a life insurance policy" to which the exemption statute SDCL § 58-12-4 applies.

Analysis. Judge Hoyt was correct. The exemption statute does not apply because the death benefits are not property in which the bankruptcy estate has an ownership interest.

First, it is not claimed that debtor Jay Scott Pliska's purchase of the contract of life insurance was an attempt by him to defraud creditors. In the absence of fraud every contract of a debtor is valid against all his creditors. SDCL § 54-1-3. See also SDCL Chapters 54-8 & 8A. Nor is it claimed he was insolvent when the term life insurance policy was purchased. This dispute is purely about the rights of Jay Scott Pliska's creditors versus the rights of Alexis Pliska to the death benefits of the life insurance policy. Importantly, the creditors are not the creditors of the named beneficiary, Alexis Pliska. The creditors are the creditors of the debtor of Jay Scott Pliska.

The threshold question, therefore, is whether the exemption statute, SDCL § 58-12-4 applies. It does not. In the absence of fraud or collusion, a life insurance company can pay (or compromise) a death benefit to the named beneficiary without worry about claims from the decedent's creditors. Cornwell v. Surety Fund Life Co., 199 N.W. 126, 127 (S.D. 1924). More precisely on point, an exemption statute is pertinent only to situations in which creditors of a <u>beneficiary</u> seek to subject insurance proceeds to the debts of the beneficiary, as distinguished from a creditor of the deceased debtor making a claim against the death benefits paid to the beneficiary. Pauling v. Pauling, 159 F.2d 531, 534 (8th Cir. 1947), cert. den. 331 U.S. 808, 67 S.Ct. 1192, 91 L.Ed. 1829 (1947). Minnesota law and its exemption statute were involved in Pauling, but the principle is the same.

The life insurance company is obligated by contract to pay the named beneficiary, and the named beneficiary is empowered to enforce the contract. Cornwell, supra. Where death benefits are concerned, in the usual situation (e.g. absent a pre-death assignment of the policy or death benefits as collateral) the death benefits belong to the beneficiary and are beyond the reach of the decedent's estate and beyond the reach of the deceased debtor's creditors. "The administrator or

other legal representative of the estate has no right as against the beneficiary to receive the insurance money as the assets of the estate." Meyer v. Meyer, 127 N.W. 595, 596 (S.D.1910).[2]

The trustee cites 11 U.S.C. § 541(a)(1)(6) & (7). See In re Monahan, 171 B.R. 710, 719-720 (Bankr. D.N.H. 1994), where another trustee unsuccessfully made a similar argument under §541(a)(5) regarding death benefits. The bankruptcy judge rejected the argument there as well, saying the only person with any interest in the death proceeds of the policy was the debtor's minor child. Another bankruptcy judge rejected a similar claim noting ". . . the Supreme Court has repeatedly drawn[,] a distinction between death benefits and cash surrender value, finding that the cash surrender value is property of estate while the other benefits of life insurance, including the death benefit, are not." In re Herrell, 210 B.R. 386, 389 (Bankr. N.D.Fl. 1997) (internal citations omitted). The judge ruled the bankruptcy estate had an interest in the life insurance policy, but only to the extent of the cash surrender value. Herrell at 390. See also In re Goldberg, 98 B.R. 353, 358-59 (Bankr. N.D.Ill. 1989) (trustee has no claim to death benefits even when debtor failed to name a beneficiary and benefits were paid to debtor's estate.)

---

[2] The South Dakota Supreme Court also said "[i]f the proceeds of the insurance policy bequeathed to Helen O. Meyer under the will had exceeded the sum of $5,000 the amount of the exemption, then the surplus over the exemption would have been available and liable for the expense of administration, last illness, and funeral charges prior to resorting to the exemption allowance; and, if there had been still a balance remaining after the payment of the exemption allowance and the expense of administration, last illness, and the funeral charges, then that would have passed to the legatee under the will, unless consumed by the payment of general debts." Meyer at 597. This language appears to be contrary to the conclusion that SDCL § 58-12-4 does not apply in this bankruptcy case. The language has been considered and determined to be not controlling in this bankruptcy case because (1) the language is dicta, and is contrary to other language in the opinion which is not dicta, (2) the exemption statute was not directly at issue in Meyer, (3) in this bankruptcy case there is no will under which life insurance death benefits were bequeathed, and (4) other case authorities reviewed suggest the South Dakota Supreme Court today, if directly confronted with the issue, would decide SDCL § 58-12-4 does not apply in the situation presented in this bankruptcy case.

7

## CONCLUSION

The death benefits are the property of Alexis Pliska only. The South Dakota exemption statute (§58-12-4) does not apply. There is no cash surrender value in a term life insurance policy, in which Jay Scott Pliska had an ownership interest before his death. The bankruptcy estate has no valid claim against property in which Jay Scott Pliska had no ownership interest. Jay Scott Pliska had no ownership interest in the insurance benefits paid to his daughter after his death. Importantly it is not the creditors of Alexis who are attempting to reach the insurance proceeds. The father's creditors may not reach the daughter's assets. It is RECOMMENDED that Judge Hoyt's decision rejecting the claim of the trustee to any of the $200,000 death benefits should be affirmed.

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990)
Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated this ___ day of February, 2006.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK

By: _____, Deputy
(SEAL)